IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CHERYL PATOC,<br><br>    Plaintiff,<br><br> vs.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>    Defendant. | Case No. 25-cv-00353-DKW-WRP<br><br>**ORDER REMANDING DECISION<br>OF ACTING COMMISSIONER<br>OF SOCIAL SECURITY** |

   Plaintiff Cheryl Patoc appeals the Commissioner of Social Security's denial of her application for disability insurance benefits, arguing that an Administrative Law Judge ("ALJ") erred by (1) failing to properly evaluate Patoc's symptom testimony or medical evidence; and (2) wrongly rejecting several of the opinions of her physicians. After carefully reviewing the record below and the parties' submissions, and as more fully explained below, the Court finds that REMAND is warranted.

## BACKGROUND

### I. Review of Disability Claims

   A five-step process exists for evaluating whether a person is disabled under the Social Security Act (SSA). 20 C.F.R. § 404.1520. First, the claimant must demonstrate that she is not currently involved in any substantial, gainful activity. *Id*.

§§ 404.1520(a)(4)(i), (b).  Second, the claimant must show a medically severe impairment or combination of impairments that significantly limit her physical or mental ability to do basic work activities.  *Id*. §§ 404.1520(a)(4)(ii), (c).  Third, if the impairment matches or is equivalent to a listing in the governing regulations, the claimant is judged conclusively disabled.  *Id*. §§ 404.1520(a)(4)(iii), (d).

If the claimant's impairment does not match or is not equivalent to an established listing, the Commissioner makes a finding about the claimant's residual functional capacity (RFC) to perform work.  *Id*. § 404.1520(e).  The evaluation then proceeds to a fourth step, which requires the claimant to show her impairment, in light of the RFC, prevents her from performing work she performed in the past.  *Id*. §§ 404.1520(a)(4)(iv), (e), (f).  If the claimant is able to perform her previous work, she is not disabled.  *Id*. § 404.1520(f).  If the claimant cannot perform her past work, though, the evaluation proceeds to a fifth step.  *Id*. § 404.1520(a)(v), (g).  At this final step, the Commissioner must demonstrate that (1) based upon the claimant's RFC, age, education, and work experience, the claimant can perform other work, and (2) such work is available in significant numbers in the national economy.  *Id*. § 404.1560(c); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (explaining

that, at step five, the burden moves to the Commissioner).  If the Commissioner fails to meet this burden, the claimant is deemed disabled.  20 C.F.R. § 404.1520(g)(1).

## II.    The ALJ's Decision

On January 8, 2026, the ALJ issued a decision finding Patoc was not disabled for the purposes of the SSA from the alleged onset date of December 21, 2015, but *was* disabled from March 14, 2021 through the date of the decision.  Administrative Record ("AR") at 48.  At Step One of the evaluation process, the ALJ determined that Patoc had not engaged in substantial gainful activity since December 28, 2017. *Id*. at 37.  At Step Two, the ALJ determined that Patoc had the following severe impairments: inflammatory arthritis; chronic kidney disease; and asthma.  *Id*. at 37–41.  At Step Three, the ALJ determined that since December 28, 2017, Patoc did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in the governing regulations.  *Id*. at 41.

Before reaching Step Four, the ALJ determined that Patoc had the RFC to perform "light work":

> as defined in 20 CFR 404.1567(b) except she can lift and/or carry 20 pounds occasionally and 10 pounds frequently; can sit six hours in an eight-hour day; can stand and/or walk four hours in an eight-hour day; can occasionally kneel, crouch, crawl, stoop, balance, and climb ramps and stairs; can do work that does not involve exposure to atmospheric conditions as defined in the DOT1/SCO2, nor workplace exposure to extreme hot/cold temperatures; nor operation of hazardous moving machinery or unprotected heights.

*Id*. at 41–46.

At Step Four, the ALJ determined that Patoc was, since December 28, 2017, unable to perform any past relevant work.  *Id*. at 46.  At Step Five, the ALJ determined that, prior to March 14, 2021, there existed a significant number of jobs in the national economy that Patoc could perform.  *Id*. at 47.  Beginning on March 14, 2021, however, Patoc's age category changed.  *Id*. at 48.  Considering Patoc's new age category, there were no jobs in significant numbers in the national economy that Patoc could perform after March 14, 2021.  *Id*.  Therefore, the ALJ's final determination was that Patoc was disabled only from March 14, 2021 through the date of the decision.  *Id*.[1]

## STANDARD OF REVIEW

A court must uphold an ALJ's decision "unless it is based on legal error or is not supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  "Substantial evidence is more than a mere scintilla but less than a preponderance." *Id*. (quotation omitted).  Stated differently, "[s]ubstantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (quotation omitted).  "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Id.* at 679; *see also*

---

[1] The Appeals Council denied Patoc's request for review of the ALJ's decision, meaning that the ALJ's decision became the final decision of the Commissioner.  AR at 1.

*Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014) ("[Courts] leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record.").

In addition, a court may not reverse an ALJ's decision on account of an error that is harmless. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (quotation and citation omitted). In making this assessment, a court "look[s] at the record as a whole to determine whether the error alters the outcome of the case." *Id.* at 1115.

## DISCUSSION

In her Opening Brief, Dkt. No. 15, Patoc challenges the ALJ's determination that she was disabled only after March 14, 2021 on two grounds: (1) the ALJ failed to properly evaluate Patoc's symptom testimony or medical evidence; and (2) the ALJ improperly rejected the opinions of her physicians. For the reasons set forth more fully below, because the ALJ's evaluation of the medical evidence requires further development, the Court addresses only that issue. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) (remanding to the ALJ while declining to reach an alternative ground for remand).

With respect to the medical evidence, Patoc argues that the ALJ's analysis was reliant on boilerplate, misrepresented the symptoms of Patoc's kidney disease, and failed to discuss various pains or disorders reflected in the medical records. Dkt. No. 15 at 17–23. The Commissioner does not respond to these arguments, and it is not clear why: the Commissioner's brief addresses whether the ALJ properly evaluated Patoc's own testimony and the opinion evidence. *See generally* Dkt. No. 16. But with respect to the *medical* evidence, the Commissioner is almost totally silent.

Only at one point does the Commissioner briefly respond to a medical evidence argument, disputing that the ALJ "failed to discuss [Patoc's] dry eyes and abdominal pain." *Id*. at 6 n.3. But these were only two of several referenced conditions: Patoc claims the ALJ ignored or misstated many others, including iritis, movement and stomach-related disorders, and pulmonary complaints. Dkt. No. 15 at 19–24. The Commissioner does not address any of these. Nor does the Commissioner spare any time discussing Patoc's kidney disorder, the symptoms of which Patoc claims the ALJ misrepresented or minimized. *Id*. at 18.

There is no clear reason evident in the record as to why the Commissioner did not respond to the arguments Patoc raised, and this failure informs the Court's decision now. "As several district courts within the Ninth Circuit have concluded, the Commissioner's failure to respond to a claimant's arguments constitutes a

waiver." *Matthew Jacob C. v. Comm'r Soc. Sec. Admin.*, No. 23-CV-00906 (AR), 2024 WL 4100551, at *4 (D. Or. Sept. 6, 2024) (collecting cases); *Jenny B. v. Bisignano*, No. 25-CV-3026 (EFS), 2025 WL 2427163, at *4 (E.D. Wash. Aug. 22, 2025) ("As mentioned previously, the Commissioner failed to respond to step-five issues raised by [p]laintiff. Failure to contest these issues in this appeal of the ALJ's decision is concession of error." (citing *Mahdi v. Stirling*, 20 F.4th 846 (4th Cir. 2021)). In the absence of any responsive argument, the Court "will not manufacture a defense on the Commissioner's behalf where [the p]laintiff has identified an at least plausible error." *Hunt v. Colvin*, 954 F. Supp. 2d 1181, 1196 (W.D. Wash. 2013). Said another way, "[t]he court will not undertake an analysis of [Patoc's] arguments and the ALJ's provided rationales where the Commissioner has failed to do so." *Jenna R. v. Comm'r Soc. Sec. Admin.*, No. 24-CV-01221 (AR), 2025 WL 1144751, at *4 (D. Or. Apr. 18, 2025). Instead, the Court concludes that remand is warranted based on the Commissioner's concession with regard to the medical evidence.

## CONCLUSION

For the reasons set forth herein, the Acting Commissioner's decision denying Patoc's application for disability insurance benefits is REMANDED for further administrative proceedings consistent with this Order.  The Clerk is directed to close this case.

IT IS SO ORDERED.

DATED: May 19, 2026 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

_____

*Cheryl Patoc v. Commissioner of Social Security*; Civil No. 25-00353 DKW-WRP;
**ORDER REMANDING DECISION OF ACTING COMMISSIONER OF SOCIAL SECURITY**